No. 54,950

STATE OF KANSAS, *Petitioner*, v. CHARLES A. CHARTIER, *Respondent*.

(670 P.2d 1335)

Order of public censure filed October 21, 1983.
*Charles A. Chartier* appeared pro se.
*Roger N. Walter* appeared for the disciplinary administrator.

## ORDER OF PUBLIC CENSURE

This is an original proceeding in discipline. The complaint against Charles A. Chartier arose out of a complaint alleging that respondent had neglected legal matters entrusted to him in connection with the probate of the estate of Allan Y. Gooldy.

The complaint was heard by a panel of the Kansas Board for Discipline of Attorneys on June 3, 1982. The hearing panel found there was clear and convincing evidence that respondent neglected a legal matter entrusted to him in that he neglected to file or to follow up on the inheritance taxes of the estate of Mr. Gooldy. Respondent filed exceptions to the panel report.

Respondent was retained to represent Jack Gooldy as executor of the estate of Allan Y. Gooldy, who died October 20, 1979. The deputy clerk of the Geary County District Court testified that the Petition for Probate of the Will was filed October 30, 1979. The court clerk testified that the court file was apparently lost. There was no formal procedure for checking out files from the Geary County Clerk's office until recently. The appearance docket, however, which is on microfilm, was produced at the hearing. The docket showed the last entry was an Order of Continuance filed January 22, 1980. The clerk further testified that although it was possible other documents could have been filed in the case that did not appear on the docket, it was not likely because of the procedure used to receive documents and file them. At the hearing respondent introduced copies of papers from his file, including a Petition for Final Settlement and a Journal Entry of Final Settlement.

Testimony was presented at the hearing by Mr. Chartier and Parvin Gooldy, the executor of the estate, that on October 29, 1980, the sole heir of the estate, Alan J. Gooldy and the executor signed the final settlement papers involving the estate. At this time all but $1500 of the property of the estate, left after expenses, was turned over to the heir Alan J. Gooldy. The $1500

was placed in an account in the name of the estate to pay for state inheritance taxes which had not yet been determined. The final settlement represents that the taxes were already paid. Mr. Chartier testified that the final settlement represented payment of the taxes because he had submitted the inheritance tax return to the Geary County District Court for its certification. He testified further that it was the practice of that court to send the return on to the inheritance tax division of the Department of Revenue after it was certified. The executor gave Mr. Chartier two blank signed checks to pay for the tax when it was determined. It was uncontroverted that the Kansas Inheritance Tax Report for the estate was never received by the Department of Revenue. This complaint involves the nonpayment of the state inheritance taxes. The executor and heir of the estate made many calls to the respondent requesting that he pay the taxes and release the balance of the funds. The respondent did not return many of these calls. The respondent had estimated the estate's inheritance tax liability at approximately $1200.

DR 6-101(A)(3), 230 Kan. cxxii, provides that a lawyer shall not "[n]eglect a legal matter entrusted to him." This rule has been recently discussed by this court in *State v. Dixon,* 233 Kan. 465, 664 P.2d 286 (1983). *Dixon* involved an attorney who had failed to complete the estates for some twenty-three clients for periods up to twenty years. The *Dixon* court stated: "this court has held that the consistent practice of accepting cases and neglecting to perform or complete the legal services contemplated is a violation of DR 6-101(A)(3)." 233 Kan. at 470.

The *Dixon* court further cites *State v. Alvey,* 215 Kan. 460, 524 P.2d 747 (1974). *Alvey* is much more similar to this case than *Dixon.* Of the three complaints in *Alvey,* one involved a divorce matter which Mr. Alvey had failed to complete. This court found Mr. Alvey's failure to return his client's phone calls and letters to be particularly wrongful. The court publicly censured Mr. Alvey for this behavior.

The *Dixon* court, however, also stated: "The courts have held that an attorney's pattern of conduct in the case of a single client can amount to a violation of DR 6-101(A)(3)." 233 Kan. at 470. Therefore, even though Chartier's conduct involved only one client and not several as in *Dixon,* the behavior can still be held to be unethical.

The panel of the Kansas Board for Discipline of Attorneys recommended public censure. This court is not bound by the recommendations, as recognized in *State v. Zeigler*, 217 Kan. 748, 538 P.2d 643 (1975). We hold the evidence clear and convincing Charles A. Chartier violated DR 6-101(A)(3) by neglecting a legal matter entrusted to him.

IT IS THEREFORE BY THE COURT ORDERED that the report of the panel of the Board for Discipline of Attorneys be and the same is accepted and approved.

IT IS FURTHER BY THE COURT ORDERED that respondent be and he is hereby disciplined by Public Censure, the costs herein are assessed to the respondent, and the Reporter of the Appellate Courts is directed to publish this order in the official Kansas Reports.

Effective this 21st day of October, 1983.